43 F.3d 1478
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tracy Keith BURNS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-30142.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tracy Keith Burns appeals his conviction, following a jury trial, for manufacturing marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Burns contends the evidence was insufficient to support his conviction. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Burns contends that the government failed to present sufficient evidence of his involvement in the marijuana manufacturing because the government witnesses were induced to testify by promises of reduced sentences and immunity. We disagree.
 
 
 4
 "In reviewing the sufficiency of the evidence supporting a conviction, we search the record to determine 'whether a reasonable jury, after viewing the evidence in the light most favorable to the government, could have found the defendant[s] guilty beyond a reasonable doubt of each essential element of the crime charged.' " United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991) (quoting United States v. Douglass, 780 F.2d 1472, 1476 (9th Cir.1986)).
 
 
 5
 Circumstantial evidence may be sufficient to sustain a conviction. United States v. Lennick, 18 F.3d 814, 820 (9th Cir.), cert. denied, 115 S.Ct. 162 (1994). Furthermore, even the uncorroborated testimony of an accomplice is sufficient to sustain a conviction "unless it is incredible or unsubstantial on its face." United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir.1993); see also United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992).
 
 
 6
 Here, the government presented sufficient evidence from which a reasonable jury could find that Burns participated in growing marijuana on the property he rented between May 1991 and January 1992. Several accomplices in the marijuana grow testified that Burns was the sole resident of the property and was responsible for watering and manicuring the plants. Blaze Gallinger testified that Burns personally delivered fifty "starter" plants to him and Russell Pearson. Jimmy Heagle testified that Burns helped him plant marijuana "clones" in the basement of the house, and then move them to the barn once they had matured. Heagle also testified that he and Burns had agreed that Burns would receive thirty percent of the marijuana proceeds in exchange for his caretaking.
 
 
 7
 In addition, Norman Pritchett testified that Burns assisted him in diverting electricity, so that the electric company meter would not reflect the large electricity usage in the barn where the marijuana was grown. A neighbor, Cleland Swan, also testified that the barn lights were generally on all night long, but that Burns had told him that his electric bill was low.
 
 
 8
 The testimony presented by Burns's accomplices is corroborative. Moreover, there is nothing about the testimony of Burns's accomplices that is "incredible or unsubstantial on its face." See Necoechea, 986 F.2d at 1282. At trial, the jury was made aware through cross-examination that the witnesses stood to gain by testifying. Testimony by prosecution witnesses who receive concessions and benefits does not constitute insufficient evidence. See id., United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992).
 
 
 9
 Based upon this evidence, a reasonable jury could have found that Burns actively participated in growing marijuana on the property where he resided. See Lennick, 18 F.3d at 820 (circumstantial evidence sufficient to sustain a conviction for manufacturing marijuana). Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that Burns manufactured marijuana. Id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3